## SMITH v. LOWERY.

APPEAL—INJUNCTION—RECEIVER.—Upon return to rule to show cause why injunction should not issue, Judge having decided to grant injunction, at suggestion of Judge, order appointing receiver was made by consent, from such order parties cannot appeal.

Before WATTS, J., Chesterfield, October, 1898.  Affirmed.

Action for possession of real estate by Ellen Pegues Smith against W. T. Lowery.  From order appointing receiver to collect rents and pay taxes, defendant appeals.

*Messrs. Stevenson & Matheson,* for appellant.

*Messrs. Edward McIver* and *W. P. Pollock,* contra.

March 5, 1900.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  The complaint in this case seeks to set aside, for alleged irregularities, a tax sale of land and deed thereunder, and to restrain the defendant, claiming

under said deed, from collecting the rent from plaintiff's tenant in possession, or in any manner interfering with said tenant's crop on said premises. The defendant answered, denying the alleged irregularities in the tax sale, and claiming title under said deed. 'Upon hearing return to a rule to show cause why the defendant should not be enjoined as prayed for, Judge Watts granted an order, appointing G. J. Redfearn, clerk of the Court, as receiver of the rents and profits of said premises, pending the litigation. From this order the defendant appealed upon the following grounds:

I. Because his Honor erred in appointing a receiver of the land in dispute, when the rule to show cause only required the defendant, Lowery, to show cause why an injunction should not be granted against his interfering with the rents of 1898.

II. Because the action as set forth by the pleadings was merely an action at law, and did not warrant the appointment of a receiver.

III. Because the Court has, by its order, on a preliminary motion, deprived defendant, Lowery, of the possession of land to which he is presumed to have title, before the question of title has been tried, and appointed a receiver until the trial of the cause, upon a rule to show cause why an injunction should not be granted against collecting rents for 1898, and nothing else, and thereby committed error.

By an order of this Court made after due notice, the case was recommitted to the Circuit Court for amendment by a statement from the trial Judge as to what occurred before him when the order appointing a receiver was made. Pursuant thereto the trial Judge reported as follows: "After a full hearing of the case, I announced that I would grant the restraining order, and directed the plaintiff's attorneys to prepare an order to that effect. I then suggested to counsel on both sides that inasmuch as this land had once been sold for taxes, and the case possibly would not be heard until the taxes were due again, it seemed to me that it would be better to let some one collect the rent, and rerent the land and

pay the taxes when due, and that the money be retained in
the hands of the Court until the final hearing of the cause.
The defendant's counsel stated that they did not think that
I should grant an injunction in the case; but inasmuch as I
had decided to do so, they thought that that was a good sug-
gestion, and they were willing for it to take that course, and
they were willing that a receiver be appointed for that pur-
pose.   Thereupon, after some discussion as to the value of
the rents, the plaintiff's counsel was asked to prepare the
order which was passed in the case, and it was at the sug-
gestion of the defendant's counsel that the value of the rents
was fixed." From this statement, which we are bound to
accept as true, even though it may not accord with recollec-
tion of appellant's counsel, it appears that the appointment
of a receiver to collect the rents was made by consent of ap-
pellant's counsel as a substitute for an order restraining
defendant from collecting the same, which order the Court
had determined to make.   This consent was a waiver of any
objection that the appointment of a receiver was not author-
ized by the pleadings, and was not duly noticed.   It is well
settled that an appeal will not be entertained from an order
by consent.

The judgment of the Circuit Court is affirmed.